UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Haishan Yang, | File No. 25-CV-00089 (JMB/SGE) |
| Plaintiff, | |
| v. | |
| | **ORDER** |
| University of Minnesota, | |
| Defendant. | |

---

This matter is before the Court on self-represented Plaintiff Haishan Yang's motion for a preliminary injunction. (Doc. Nos. 3, 4.)[1] For the reasons discussed below, Yang's motion will be denied for procedural deficiencies.

On January 8, 2024, Yang, filed an unverified Complaint against Defendant University of Minnesota (University). (Doc. No. 1.) In the Complaint, Yang alleges that the University expelled him from a PhD program after a campus body determined that he had used Chat GPT on an exam, in violation of University policy. Yang alleges that, in rendering its expulsion decision, the University violated his procedural and substantive due process rights. Yang filed a motion for a preliminary injunction, in which he asks the Court to enjoin the University's enforcement of its decision to expel him because he will experience immediate and irreparable harms to his career, academic progression,

---

[1] Yang filed two documents styled as motions for a preliminary injunction. (Doc. Nos. 3, 4.) Save for some variations in text, the two submissions appear nearly identical in substance and in the relief sought. Therefore, the Court construes these documents as a single motion for a preliminary injunction.

1

reputation, and residency status. (Doc. Nos. 3, 4.) To date, the University has not been served with the Complaint or the motion and furthermore has not noticed its appearance or otherwise appeared.

The Court notes several deficiencies that preclude its review of Yang's motion. First, Yang's motion papers are not signed. (*See* Doc. No. 4 at 3.) Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented," and that the signing party must provide their "address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). If the absence of a party's signature is not "promptly corrected after being called to the . . . party's attention," the Court is required to strike the deficient filing. Thus, at this time, the Court cannot consider the merits of Yang's unsigned motions papers.

Second, even if Yang did furnish a motion for a preliminary injunction that complied with Federal Rule of Civil Procedure 11(a), the Court would be unable to provide the immediate relief he requests because a court may grant a motion for a preliminary injunction "*only* upon notice to the adverse party." Fed. R. Civ. P. 65(a)(1) (emphasis added). The docket does not reflect that Yang has provided the University with oral or written notice of his pending motion. Therefore, the Court cannot provide the expedited relief sought unless and until the University has notice of the motion.

The Court could, of course, construe Yang's motion for a preliminary injunction as one for an ex parte temporary restraining order (TRO), which could issue in the absence of notice to the University. Fed. R. Civ. P. 65(b)(1). *Cf. Schlafy v. Eagle Forum*, 771 F. App'x 723, 724 (8th Cir. 2019) (noting "agree[ment] with the district court" that a motion

labeled as seeking a preliminary injunction was appropriately construed as a TRO). However, the Court will decline to construe Yang's motion for a preliminary injunction as one for an ex parte TRO because Yang's motion papers do not satisfy the conditions set forth in Federal Rule of Civil Procedure 65(b)(1)(A) and (B), compliance with which are mandatory for a TRO to issue. Specifically, Yang has not forth "specific facts in an affidavit or verified complaint"[2] that support his motion, and he has not certified that any efforts have been made to give notice of the request for injunctive relief to the University.

The Court cannot overlook the several procedural deficiencies in Yang's motion and will therefore deny it.

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Plaintiff Haishan Yang's motion for a preliminary injunction (Doc. Nos. 3, 4) is DENIED.

Dated:  January 10, 2025                    /s/ *Jeffrey M. Bryan*
                                            Judge Jeffrey M. Bryan
                                            United States District Court

---

[2] The absence of a verified Complaint or other sworn factual representations would preclude the Court's consideration of a motion for a preliminary injunction, as well.