UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil Case No. 0:25-cv-00089-JMB-SGE

| | |
|---|---|
| Haishan Yang,<br>      Plaintiff,<br><br>v.<br><br><br><br>Hannah Neprash et al.,<br>      Defendants. | PlAINTIFF'S MOTION FOR<br><br>PRELIMINARY INJUNCTION |

**TO THE HONORABLE JEFFREY M. BRYAN, UNITED STATES DISTRICT JUDGE:**

Plaintiff Haishan Yang respectfully moves this Court for an Order Granting Preliminary Injunction to immediately halt the enforcement of his expulsion by the University of Minnesota ("the University"), restore his academic standing, and reinstate his Student and Exchange Visitor Program (SEVIS) record, which is necessary for him to legally remain in the U.S until the case is decided by the court. Plaintiff seeks this relief due to the urgent and irreparable harm he faces, which cannot be remedied later if action is not taken immediately. Each passing day exacerbates

1

the harm, increasing the likelihood of permanent academic, professional, and immigration consequences.

Plaintiff brings this Motion on the grounds that:

a. Plaintiff has a strong likelihood of success on the merits.

b. Plaintiff faces imminent and irreparable harm in the absence of injunctive relief.

c. The balance of equities overwhelmingly favors Plaintiff.

d. Granting this Motion serves the public interest.

**RELIEF REQUESTED**

Plaintiff respectfully requests that this Court issue an Order:

a. **Preliminarily enjoining** the University and its officials from enforcing Plaintiff's expulsion for the duration of this litigation or until further order of the Court.

b. **Reinstating** Plaintiff's academic standing, including access to university systems, accounts, and resources, enabling him to resume coursework, complete his preliminary exam required for the Ph.D. program, and conduct both his thesis proposal and final thesis defense.

c. **Restoring** Plaintiff's SEVIS record, enabling him to remain in or return to the United States for the completion of his doctoral program.

**GROUNDS FOR THIS MOTION**

**1. Likelihood of Success on the Merits**

Plaintiff has presented substantial evidence demonstrating that the University violated his due

2

process rights through procedural irregularities and reliance on altered evidence, depriving him of a fair and meaningful opportunity to respond.

    a. **Altered ChatGPT Evidence Used Against Plaintiff**: Defendant Hannah Neprash modified ChatGPT-generated content at least ten times before presenting it as evidence. These changes increased the similarity between the AI-generated output and Plaintiff's exam answers, creating a false impression of academic dishonesty. This alteration is verified by a forensic analysis by an assistant professor in economics as shown in Verified Complaint, Exhibit 5. The alteration including reduction of bolded text and exclusion of summary appears deliberate as it fits the defendant Neprash's accusation on similar structure between her altered ChatGPT answer and plaintiff's answer. Figure 1 shows one example of alteration. In the left panel, the original ChatGPT response included an "in summary" section. However, as shown in the central panel, the version submitted by Defendant Neprash to the University had this "in summary" section removed. Coincidentally, the Plaintiff's answer to the same question also lacks a summary section, as shown in the right panel.

Figure 1: Comparison of Original ChatGPT Log, Altered ChatGPT Response Submitted to University, and Plaintiff's Exam Answer (Question 4)



b. **Failure to Provide Meaningful Notice and Opportunity to Respond**: Plaintiff was denied a fair opportunity to challenge the altered evidence, as the original ChatGPT logs were introduced only minutes before the conclusion of cross-examination in the University Campus Committee on Student Behavior Hearing CCSB hearing.

c. **Acknowledgment of Altered Evidence by the University**: In his capacity as appeal officer, Defendant Scott Lanyon admitted in his appeal decision letter that the evidence used against Plaintiff had been altered. He further acknowledged that Plaintiff was not given a meaningful opportunity to challenge the altered evidence before disciplinary action was taken. By proceeding despite these admissions, Defendant Lanyon knowingly

4

> violated Plaintiff's Fourteenth Amendment right to due process, depriving Plaintiff of a fair hearing and an impartial adjudication.
>
> d. **Lack of Transparency and Potential Misrepresentation of AI Score:** The University's presentation claimed an 89% AI-generated probability for Plaintiff's Question 4 response. However, after the CCSB hearing, Plaintiff used the same AI detection tool and obtained only 42%. Defendant Neprash provided no explanation for how she arrived at the 89% AI probability score, raising concerns of misapplication or manipulation. Additionally, Defendant Neprash claimed that Plaintiff's exam response was longer compared to all other students from previous exams but failed to provide copies of those students' responses for verification. This lack of transparency in the evidentiary basis further underscores the unreliability and procedural unfairness of the disciplinary process, strengthening Plaintiff's likelihood of success on the merits.

The University's conduct violates well-established due process protections under Goss v. Lopez, 419 U.S. 565 (1975) and Doe v. University of Michigan, 721 F. Supp. 852 (E.D. Mich. 1989), both of which affirm the right of students to a fair disciplinary process.

**2. Irreparable Harm**

Plaintiff faces severe and immediate harm as a result of his expulsion, which cannot be remedied through monetary compensation or reinstatement at a later time. Courts have consistently recognized that irreparable harm exists when a party faces significant academic and professional consequences that cannot be undone. See Doe v. Univ. of Cincinnati, 872 F.3d 393, 407 (6th Cir. 2017). The following harms are ongoing and irreversible.

> a. **Loss of Legal Status in the U.S.:** Plaintiff's SEVIS record was terminated as a result of

his expulsion, preventing him from returning to the U.S.

b. **Obstacles to Legal Representation and Court Access**: Being outside the U.S. makes it extremely difficult for Plaintiff to secure legal representation, attend court hearings, or effectively advocate for himself.

c. **Severe Damage to Reputation and Career Prospects**: Allegations of academic dishonesty have severely harmed Plaintiff's standing in the academic and professional communities.

d. **Interruption of Research and Academic Work**: Plaintiff was forced to halt multiple research projects that required university resources, jeopardizing his publication opportunities and career advancement.

Courts have recognized that academic expulsions and reputational harm constitute irreparable injury because they permanently affect a student's educational trajectory and professional opportunities.

**3. The Balance of Equities Favors Plaintiff**

The harm to Plaintiff resulting from the enforcement of the expulsion far outweighs any potential inconvenience to the University.

a. Granting Preliminary Injunction does not interfere with the University's disciplinary authority; it merely ensures that its processes comply with constitutional due process.

b. The University's interest in maintaining academic integrity does not justify violating Plaintiff's procedural rights. The University has already acknowledged that altered evidence was used, yet it has taken no corrective action.

c. Allowing Plaintiff to continue his Ph.D. does not cause harm to the University, whereas

6

forcing Plaintiff out of the country permanently disrupts his academic and professional future as well as his right for a fair legal process.

**4. Injunctive Relief Serves the Public Interest**

The public has a strong interest in ensuring fair and transparent disciplinary proceedings in academic institutions for the following reasons:

a. This case raises broader concerns about the fairness of AI-generated evidence in academic misconduct cases. Many students in the U.S feared that their works are wrongly classified as AI by AI detectors. What draws public attention to this case is that even though an AI detector classifies the plaintiff's work as human, the defendants still accused the plaintiff of using AI. This case will likely increase students' fear of being accused of using AI.

b. The lack of procedural safeguards in university disciplinary hearings affects not just Plaintiff but also other students facing similar accusations.

c. Plaintiff's case has gained significant public attention, with one TikTok video receiving 3.3 million views, a YouTube video garnering 650,000 views, and the case being among the most-engaged news stories on Minnesota Public Radio for a week. Additionally, it has been widely covered by major Chinese media outlets and social media platforms, underscoring the widespread public concern regarding the fairness of AI-based disciplinary decisions.

d. Given the novelty of AI usage in education, this case will set a national precedent.

e. Upholding due process in this case promotes accountability and fairness, values that serve the public good.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion for a Preliminary Injunction and issue an order:

a. Preliminarily enjoining the University and its officials from enforcing Plaintiff's expulsion.

b. Restoring Plaintiff's academic standing, including access to university systems, would allow him to resume coursework, take his Ph.D. preliminary exam, and present his thesis proposal and defense.

c. Restoring Plaintiff's SEVIS record, enabling him to remain in or return to the United States.

d. Granting such other and further relief as the Court deems just and proper.

**SUPPORTING DOCUMENTS**

This Motion is supported by the following documents:

a. **Verified Complaint** – Plaintiff's sworn complaint outlining the factual background, due process violations, and claims against Defendants.

b. **[Proposed] Order Granting Preliminary Injunction:** A written order requesting court intervention to prohibit Defendants from enforcing certain actions against Plaintiff while litigation is pending, ensuring the preservation of rights and preventing irreparable harm until a final judgment is reached.

    c.  **Certification of Notice** – A sworn statement by Plaintiff confirming efforts to notify the defendants about this Motion under Fed. R. Civ. P. 65(a).

Dated: February 5, 2025

Respectfully submitted,

Haishan Yang



2136 Ford Parkway #5244

Saint Paul, MN 55116

(435) 932-1198

9