UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Haishan Yang, | Civil No. 25-cv-00089-JMB-SGE |
| Plaintiff, | |
| v. | REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| Hannah Neprash, Scott Lanyon, JaneAnne Murray, and Sharon Dzik, in their individual and official capacities, | |
| Defendants. | |

Plaintiff Haishan Yang respectfully submits this Reply Memorandum of Law in further support of his Motion for Leave to File a Second Amended Complaint, and in response to Defendants' opposition (Doc. 51).

Defendants oppose Plaintiff's motion on grounds of futility, Eleventh Amendment and qualified immunity, and alleged bad faith litigation. These objections are unfounded. Plaintiff's proposed Second Amended Complaint ("SAC") asserts plausible claims under 42 U.S.C. § 1983 for violations of his procedural and substantive due process rights, as well as his equal protection rights, all supported by detailed factual allegations. Additionally, the SAC addresses and remedies the arguments raised in Defendants' motion to dismiss the first amended complaint. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given when justice so requires. No valid reason exists to deny Plaintiff that opportunity here.

1

# I. PLAINTIFF'S SECOND AMENDED COMPLAINT IS NOT FUTILE

## A. Plaintiff States a Plausible Procedural Due Process Claim

The SAC outlines serious procedural violations that, taken as true, state a plausible claim under the Fourteenth Amendment. Contrary to Defendants' assertion that Plaintiff received adequate process, the SAC alleges:

- Defendant Neprash manipulated ChatGPT outputs to fabricate evidence against Plaintiff (SAC ¶¶ 15-16, 51);
- Plaintiff was denied timely access to the original AI logs, which were disclosed in the Zoom chat only minutes before the end of cross-examination (SAC ¶ 18, 53);
- Plaintiff was denied the opportunity to cross-examine key witnesses, including Defendants Huckfeldt and Carroll, who authored the exam questions at issue but refused to appear (SAC ¶¶ 21-25, 52);
- Prejudicial letters from Associate Dean Wattenberg and Professor Mason were introduced during the hearing despite the lack of procedural safeguards and the fact that Mason's prior charge had been dismissed (SAC ¶¶ 25-27, 48-49);
- Defendant Dzik held multiple conflicting roles during the disciplinary process, including administrative, adjudicative, and prosecutorial positions (SAC ¶¶ 28, 47);
- Professor Murray, chair of the hearing panel, failed to disclose her personal relationship with Defendant Neprash's spouse, creating an appearance of bias

(SAC ¶ 50);

- Plaintiff's advocate was interrupted and removed from questioning via an unrecorded breakout session mid-cross-examination (SAC ¶¶ 54-55).

Each of these allegations reflects significant departures from constitutionally required procedural protections. Courts have long held that due process in university disciplinary proceedings mandates notice, the right to respond, an impartial tribunal, and the opportunity to challenge adverse evidence. *Goss v. Lopez*, 419 U.S. 565 (1975); *Goldberg v. Kelly*, 397 U.S. 254 (1970). Denial of cross-examination, particularly when credibility is at stake, supports a claim under *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017).

Defendants' citation to *Horowitz* and *Monroe* is inapposite. Plaintiff was expelled for disciplinary reasons (alleged dishonesty), not academic failure. In such cases, courts have applied more rigorous procedural protections. See *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 635-36 (6th Cir. 2005).

B. Plaintiff States a Plausible Substantive Due Process Claim

The SAC plausibly alleges that Plaintiff was subjected to arbitrary, irrational, and conscience-shocking conduct. Specifically:

- Plaintiff was expelled based on a non-codified, subjective concept of "breach of trust," rather than any enumerated violation of the Student Conduct Code (SAC ¶¶ 57, 69);

- Defendants relied on methods expressly prohibited by the University, including AI detection tools whose bias and unreliability were known (SAC ¶ 58);
- Neprash and others involved had prior conflicts and motive to retaliate, which undermines the presumption of good faith (SAC ¶¶ 59-61);
- The procedural irregularities described above also inform the substantive due process claim because they demonstrate that Plaintiff was not treated according to any neutral, professional standards.

These facts support a claim under *Keefe v. Adams*, 840 F.3d 523, 533 (8th Cir. 2016), which permits substantive due process claims where decisions are not based on academic judgment or are infected with bad faith.

C. Plaintiff States a Plausible Equal Protection Claim

Plaintiff has also alleged facts supporting both a class-of-one equal protection theory and national origin-based disparate treatment. Key facts include:

- Use of AI detection tools only against Plaintiff, despite University policy discouraging their use (SAC ¶¶ 63-64);
- Awareness by Defendants that AI detectors are biased against non-native English speakers, yet applying them only to Plaintiff (SAC ¶ 65);
- Unequal disciplinary outcomes: other students accused of plagiarism were allowed to retake the exam or received warnings, while Plaintiff was expelled (SAC ¶¶ 66-68);

- The justification for expulsion was subjective and vague, unlike prior cases based on established rules (SAC ¶ 69-70).

Courts have recognized equal protection claims where similarly situated individuals are treated differently without rational basis. See *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000); *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591 (2008). The SAC satisfies this standard.

II. IMMUNITY DOES NOT BAR PLAINTIFF'S CLAIMS

Defendants assert Eleventh Amendment and qualified immunity. Neither applies here.

A. Eleventh Amendment

Plaintiff seeks damages only against Defendants in their individual capacities and prospective relief under *Ex parte Young*, 209 U.S. 123 (1908).

B. Qualified Immunity

Qualified immunity does not apply where clearly established rights have been violated. The right to an impartial hearing, to confront and cross-examine witnesses, and to be free from knowingly altered or fabricated evidence are all well-established. See *Napue v. Illinois*, 360 U.S. 264 (1959).

Further, Defendants acted with bad faith and malice. Evidence includes:

- The deliberate alteration of ChatGPT output;

- The refusal to disclose evidence in a timely manner;
- Misrepresentation of prior conflicts and personal relationships;
- Retaliatory motive arising from earlier disputes (SAC ¶¶ 32-38).

Such conduct negates qualified immunity. See *Hope v. Pelzer*, 536 U.S. 730 (2002); *Crawford-El v. Britton*, 523 U.S. 574 (1998).

III. PLAINTIFF IS NOT REQUIRED TO EXHAUST STATE REMEDIES

Defendants argue Plaintiff must first complete certiorari review. That misstates the law.

The Supreme Court has held that exhaustion of state remedies is not required for § 1983 claims. See *Patsy v. Bd. of Regents*, 457 U.S. 496 (1982); *Zinermon v. Burch*, 494 U.S. 113 (1990). The Eighth Circuit has carved a narrow exception for facial challenges to administrative schemes, but not for claims alleging the denial of fair process.

Plaintiff alleges that the disciplinary process itself was constitutionally defective. Such claims are not barred by the existence of a state certiorari process. See *Monroe v. Ark. State Univ.*, 495 F.3d 591 (8th Cir. 2007); *Chronopoulos v. Univ. of Minn.*, 520 N.W.2d 437, 441 (Minn. Ct. App. 1994).

IV. PLAINTIFF'S MOTION IS NOT MADE IN BAD FAITH

Defendants' allegation of vexatious litigation is baseless. Plaintiff filed multiple actions to pursue distinct legal claims in appropriate forums. Each case presents separate causes of action (e.g., constitutional torts in federal court, data practices and contract claims in state

court).

Courts discourage duplicative litigation but do not penalize plaintiffs for pursuing parallel remedies when authorized by law. Moreover, the SAC narrows and focuses on the federal claims rather than expanding them.

Rule 15(a)(2) directs that leave to amend should be freely given when justice so requires. There is no undue delay, bad faith, or prejudice here. See *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Leave to File the Second Amended Complaint.

Date: May 16, 2025    Haishan Yang

杨海山

2136 Ford Parkway #5244,

Saint Paul, MN 55116

(435) 932-1198

Haishan1121@gmail.com